IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                          :
                                                :
SPORTS AUTHORITY HOLDINGS, INC., :              Bankruptcy Case No. 16-10527 (MFW)
et al.,                                         :
                                                :
          Debtors.                              :
_____ :
                                                :
WILMINGTON SAVINGS FUND                         :
SOCIETY FSB,                                    :
                                                :
          Appellant,                            :
                                                :
     v.                                         :   Civil Action No. 16-244-UNA
                                                :
SPORTS AUTHORITY HOLDINGS, INC., :
et al.,                                         :
                                                :
          Appellees.                            :


**ORDER DENYING STAY**

Debtors filed for bankruptcy on March 2, 2016. This is an appeal from an order entered

by the Bankruptcy Court on April 6, 2016. (Bkr. D.I. 1044; *see* D.I. 4 at 2 n.2; D.I. 9 at 5). The

order is captioned, "Supplemental Interim Order Authorizing the Debtors to Continue to Sell

Certain Prepetition Consigned Goods." There is a motion for an "emergency" stay of this order.

(D.I. 4). For the reasons that follow, I **DENY** the motion for an emergency stay.

I consider the motion in light of the standard for granting a preliminary injunction. "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

It seems unlikely Appellant will succeed on the merits of the appeal. I doubt that this Court has jurisdiction to hear the appeal, because I very much doubt that the appeal is from a "final" judgment or order. Appellant's jurisdictional statement consists of one sentence and a footnote, asserting that jurisdiction exists under 28 U.S.C. § 158(a)(1) & (3). It may be, as the cases cited in the footnote seem to support, that the denial of a motion for adequate protection is a final order. *See* D.I. 4 at 4 & n.3; *see In re AMR Corp.*, 490 B.R. 470, 476 (S.D.N.Y. 2013). That is not what we have here, however. The order appealed from addresses a motion that was captioned, "Debtors' Motion for Interim and Final Orders (a) Authorizing the Debtors to (i) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims and Encumbrances . . . ." (Bkr. D.I. 9). The order appealed from addresses interim relief, not final relief, as is evident from its caption, "Supplemental Interim Order Authorizing . . . ." (Bkr. D.I. 1044). And, I would be extremely unlikely to accept a discretionary appeal pursuant to § 158(a)(3).

Appellant has not shown a likelihood of irreparable harm. Based on the representations in the briefing in front of me, it appears that, at worst, Appellant would have to bring a lot of litigation to recover damages if the Bankruptcy Court continues along the lines that it has to date and turns out to be erroneous.

Appellant has not shown the balance of equities tips in its favor. One of the equities is the Debtors' ability to continue in business, which, I gather, would be imperiled if they could not pay their suppliers for consigned goods.

Appellant has not shown that a stay is in the public interest. Indeed, it is likely that a stay is against the public interest. It would interject this Court into the middle of preliminary proceedings in the Bankruptcy Court. The Bankruptcy Court has the big picture of this

2

bankruptcy, and, absent circumstances that do not appear to be present here, this Court should

not unnecessarily intrude into the fluid first steps of a large-scale bankruptcy.

IT IS SO ORDERED this 12 day of April 2016.

_Richard G. Andrews_

United States District Judge